IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PREVIES WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. H-10-3253 |
| v. § | |
| § | |
| § | |
| MICHAEL J. ASTRUE § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION § | |
| Defendant. § | |

## ORDER

Pending is Plaintiff's Application for Attorney Fees under Equal Access to Justice Act ("EAJA") (Document No. 20). Plaintiff, Previes Williams ("Williams"), seeks EAJA attorney fees of $4,966.00 calculated at $176.75 per hour for 28.1 hours. William's attorney maintains that the requested fees reflect legal work reasonably and necessarily expended on Williams's behalf. Defendant Michael J. Astrue, Commissioner of the Social Security Administration (hereinafter, "Commisioner") filed a response (Document No. 21) agreeing that the hourly rate at which Plaintiff seeks reimbursement is reasonable. However, the Commissioner objects to the amount of time Williams's attorney spent on different tasks as excessive and unnecessary.

The EAJA provides, in relevant part, that "A Court shall award to a prevailing party . . . fees and other expenses . . . unless the Court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). In the present case, Williams was the prevailing party and, as such, he is entitled to seek attorney fees under the EAJA. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Commissioner does not dispute this point.

In support of his Motion for Attorney Fees, Williams's counsel has submitted an itemized list of services showing that 28.1 attorney hours were expended on this case. The EAJA provides that attorney's fees shall be limited to $125 an hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Williams's attorney claims the hourly rate should be set at $176.75 for the work he performed in this case. He bases the hourly rate on the Department of Labor's U.S. Consumer Price Index (CPI – U). He, therefore, seeks an award of attorney's fees in the amount of $4,966.00. The Commissioner does not dispute the hourly rate at which Williams's attorney seeks attorney's fees.

The Commissioner, however, does oppose the **amount of time** Williams's attorney spent on the preparation and filing of Plaintiff's EAJA Application. Specifically, the Commissioner believes that a total of 9.1 hours of attorney time to research EAJA issues, and to prepare and file Plaintiff's EAJA Application, is excessive. The Commissioner points out that Plaintiff's attorney reported he has 16 years of experience handling Social Security Disability appeals, and that his practice is limited to handling Social Security and other public benefit appeals. Therefore, the Commissioner suggests Plaintiff's attorney should be very familiar with EAJA issues and the requirements of filing for reimbursement of attorney fees, costs, and expenses under the EAJA. Accordingly, the Commissioner submits that 3.2 hours is reasonable and sufficient to compensate an experienced attorney for preparing and filing a request for award of fees under the EAJA. Therefore, the Commissioner requests that the Court allow 22.2 hours of attorney time at the hourly rate Plaintiff requests ($176.75 per hour),

for a total EAJA award of $3,923.85.  On this point, the Court must agree with the Commissioner.

The Court is mindful that it must guard against unnecessary and/or excessive fees being submitted by counsel who seek to recover attorney's fees under EAJA. Considering the billing in context of the work performed, the Court concludes that the time expended on preparing the request for award of fees was excessive.  The Court finds particularly persuasive Plaintiff attorney's own declaration that "he has developed an expertise in this area of law which enabled me to render the necessary legal services more expeditiously than an attorney without such experience." See Declaration of Attorney attached to Plaintiff's Application for Attorney's Fees (Document No. 20). Given the attorney's expertise, the Court concludes that the 5.9 hours spent researching and receiving advice for filing the request, on top of the 3.2 hours the Commissioner agreed was reasonable, is excessive for an attorney with 16 years of experience in the area.  For an experienced attorney such as Williams's attorney the EAJA application is very routine in nature and, in this particular case, only four pages long.  While the application is accompanied by an affidavit, the affidavit is similarly routine in nature and the summary of the time expended on the case is only two pages long.  Accordingly, the Court is of the opinion that the 9.1 hours of attorney time requested for such a routine application, as was the case here, is excessive and that, instead, counsel should only be awarded 3.2 hours for this task.

Therefore, after carefully considering Williams's Motion, as well as the exhibits attached thereto, and the Commissioner's Opposition, the Court finds that the hourly rate

requested by Plaintiff's counsel is reasonable and further finds that the reasonable amount of time for which Williams's attorney should be compensated is 22.2 hours.

**CONCLUSION**

Accordingly, for the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (Document No. 20) is **GRANTED IN PART** and **DENIED IN PART** and Plaintiff, Previes Williams, is awarded EAJA attorney's fees in the amount of $3,923.85.

Signed at Houston, Texas, this 17th day of August, 2011.

_____              Frances H. Stacy
                                     United States Magistrate Judge